[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 25, 2009
THOMAS K. KAHN
CLERK

No. 09-10290
Non-Argument Calendar

_____

D. C. Docket No. 08-60215-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DUNSTON BURKE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 25, 2009)

Before TJOFLAT, EDMONDSON and BLACK, Circuit Judges.

PER CURIAM:

Dunston Burke appeals his 30-month sentence, imposed after he pled guilty

to one count of illegally re-entering the United States after having been previously removed and deported, in violation of 8 U.S.C. § 1326(a), (b)(1). On appeal, Burke argues his Fifth and Sixth Amendment rights were violated because the district court enhanced his sentence based on a prior conviction, which was neither charged in the indictment nor found by a jury beyond a reasonable doubt. Burke concedes that his position is contrary to the Supreme Court's decision in *Almendarez-Torres v. United States*, 118 S. Ct. 1219 (1998), and this Court's precedent, but "raises the issue and preserves it for further attacks on his conviction and sentence should the state of the law change."

Whether a prior conviction qualifies as an "aggravated felony," pursuant to U.S.S.G. § 2L1.2(b)(1)(C), is a question subject to *de novo* review. *See United States v. Ayala-Gomez*, 255 F.3d 1314, 1316 (11th Cir. 2001).

This Court is obligated to adhere to Supreme Court precedent unless and until abrogated by the Supreme Court, *Motorcity of Jacksonville, Ltd. v. Southeast Bank N.A.*, 120 F.3d 1140, 1143 (11th Cir. 1997) (en banc), and *Almendarez-Torres* controls the outcome in this case, *see United States v. Marseille*, 377 F.3d 1249, 1257 (11th Cir. 2004).

Even if *Almendarez-Torres* were to be abrogated, the district court did not err in enhancing Burke's sentence. Burke failed to lodge any factual challenge to

2

his prior conviction set forth in the PSI. Thus, Burke effectively admitted to having a prior conviction for a felony drug trafficking offense, which constituted an aggravated felony under 8 U.S.C. § 1101(a)(43)(B), Immigration and Nationality Act (INA) § 101(a)(43).[1] *See United States v. Gibson*, 434 F.3d 1234, 1251 (11th Cir. 2006) (holding that, because the defendant did not object to the factual recitations in the PSI, he effectively admitted the facts in the PSI); *United States v. Shelton*, 400 F.3d 1325, 1330 (11th Cir. 2005) (explaining that failure to object to matters contained in the PSI constitutes an admission of those facts for purposes of *Booker*). Therefore, the district court did not err in enhancing the statutory maximum to 10 years, pursuant to 8 U.S.C. § 1326(b)(1),[2] or by applying the eight-level enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(C), based on the prior conviction. *See Marseille*, 377 F.3d at 1257. Accordingly, we affirm.

**AFFIRMED.**

---

[1] Section 2L1.2 of the Guidelines provides that the base offense level for unlawfully entering or remaining in the United States is eight, and that an eight-level increase applies if the defendant was previously deported, or unlawfully remained in the United States, after a conviction for an aggravated felony. U.S.S.G. § 2L1.2(a), (b)(C); *see also* 8 U.S.C. § 1326(a), INA § 276(a). The commentary provides that an aggravated felony has the meaning given that term in section 101(a)(43) of the INA. U.S.S.G. § 2L1.2, comment. (n.3). Under the INA, "illicit trafficking in a controlled substance" constitutes an aggravated felony. 8 U.S.C. § 1101(43)(B), INA § 101(a)(43).

[2] The district court determined Burke had been found to be unlawfully in the United States after having been convicted of an aggravated felony and deported, which would have subjected him to a 20-year maximum sentence under 8 U.S.C. § 1326(b)(2). Because the indictment charged Burke under 8 U.S.C. § 1326(b)(1), he was subject to a 10-year maximum sentence.

3